THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00334-MR-DLH

| | |
|---|---|
| P.B., as Lawful Guardian *Ad Litem* of Minor Child, M.B., ) ) ) Plaintiff, ) ) vs. ) ) ) BURKE COUNTY PUBLIC SCHOOLS ) BOARD OF EDUCATION; LINDA ) BRADSHAW; JOHN ROES 1-10; and ) MICHAEL ANDREW ALEXANDER, ) ) Defendants. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion to File Under Seal [Doc. 65].

The Plaintiffs in these consolidated actions seek leave to file under seal certain documents, including depositions, expert reports, and medical records excerpts, in support of their opposition to the Defendants' motions for summary judgment. For grounds, the Plaintiffs state that these documents identify the minors and members of their families or others involved in sexual abuse and further contain sensitive information about the

alleged sexual abuse of these minors. The Plaintiffs further represent that the Defendants consent to the Plaintiffs' motion. [Doc. 65].

The Fourth Circuit has recognized that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984); see also Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) ("The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion."). Before sealing a court document, however, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiffs' motion. The Plaintiffs filed their motion on January 10, 2014, and it has been accessible to the public through the Court's electronic case filing system since that time.

Further, the Plaintiffs have demonstrated that the documents at issue contains sensitive information regarding minors who have allegedly been sexually abused, and that the public's right of access to such information is substantially outweighed by the competing interest in protecting the details of such information. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is necessary to protect the Plaintiffs' privacy interests.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to File Under Seal [Doc. 65] is **GRANTED**. The documents filed by the Plaintiffs pursuant to this Order shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.** Signed: January 24, 2014

Martin Reidinger
United States District Judge