# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

| | |
|---|---|
| P.B. as Lawful Guardian *Ad Litem* of Minor Child, Jane Doe,<br><br>Plaintiff,<br><br>vs.<br><br>BURKE COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION, LINDA BRADSHAW, JOHN ROES 1-10, and MICHAEL ANDREW ALEXANDER,<br><br>Defendants. | CIVIL CASE NO.<br>1:12-cv-00334-MR-DLH |
| A.B. as Lawful Guardian *Ad Litem* of Minor Child, L.B.,<br><br>Plaintiff,<br><br>vs.<br><br>BURKE COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION, LINDA BRADSHAW, JOHN ROES 1-10, and MICHAEL ANDREW ALEXANDER,<br><br>Defendants. | CIVIL CASE NO.<br>1:13-cv-00009-MR-DLH |

**<u>ORDER SUBSTITUTING GUARDIAN *AD LITEM* FOR MINOR L.B.</u>**

**THE MATTER** of A.B., as Lawful Guardian *Ad Litem* of Minor Child, L.B.,[1] case number 1:13-cv-00009-MR-DLH, is before the Court based upon the Court's receipt of a letter from the Special Guardian *Ad Litem*, Peggy M. Saunders. [Doc. 119-1], and the motion made in open court regarding the appointment of a substitute guardian *ad litem*.

## **FINDINGS OF FACT**

On December 18, 2015, this matter came on for hearing before the Court. Present at the proceeding were counsel for A.B., as lawful guardian *ad litem* of the minor child, L.B.; the minor child L.B.; and M.B., the biological father of the minor child L.B. Also present was Peggy Saunders, Esq., an attorney the Court had previously appointed to act as a Special Guardian for the minor as contemplated by the settlement agreement filed in this matter. A.B., as lawful guardian *ad litem* of the minor child L.B., failed to appear. During the hearing, the Court addressed those persons who were present, and based thereon, the Court finds**:**

---

[1] Due to the nature of this proceeding, and because this Order involves a minor Plaintiff, many of the parties are identified on the public docket through the use of pseudonyms. Filed under seal in this matter, and incorporated herein by reference, is a "Sealed Addendum" specifically identifying the minor Plaintiff and that minor's guardian *ad litem* by true name and other identifying information.

1. On December 18, 2014, the Court appointed A.B., as lawful guardian *ad litem* of the minor child L.B., to cooperate with Ms. Saunders in carrying out specific obligations of the settlement agreement filed in this matter.

2. Both Ms. Saunders and counsel for A.B., as lawful guardian *ad litem* of the minor child L.B., advised the Court that A.B. has failed to fulfill her obligations as lawful guardian *ad litem* of the minor child L.B. Further Ms. Saunders and counsel advised the Court that they have been unable locate A.B. or communicate with A.B. since approximately July, 2015.

3. That since the hearing held on December 18, 2014, wherein A.B. was appointed by this Court as the guardian *ad litem* of the minor child L.B., that such minor child has discontinued living with A.B. and has resumed living in the residence of M.B., and that such minor child has had very limited contact with A.B.

4. Both Ms. Saunders and counsel for A.B., as lawful guardian *ad litem* of the minor child L.B., suggested that M.B. would be a suitable substitute guardian *ad litem* of the minor child L.B. to take the place of A.B.

5. At the hearing held December 18, 2015, the Court questioned M.B. and based thereon determined that M.B. was a responsible and accountable person and fit to act as the guardian *ad litem* for L.B.

Accordingly, at that time, the Court appointed M.B. as guardian *ad litem* for L.B. henceforth.

6. M.B. is the biological father of L.B. and is the person with whom L.B. currently lives and resides. Further, M.B. stated to this Court at the hearing held December 18, 2015, and acknowledged that he:

   (a) has met with both Ms. Saunders and counsel for the minor child L.B.

   (b) understands the settlement agreement proposes that his minor ward receive a monetary settlement in an amount of which he is aware.

   (c) understands the settlement agreement proposes that the total settlement sum for his minor ward would be disbursed as more fully set forth in the settlement agreement under seal in this matter and understands also that a portion of the total settlement sum will go toward paying the expenses of this litigation and attorneys fees.

   (d) understands that the Court has previously approved the settlement agreement and that the monies due his minor ward by Defendants will be disbursed as described in the sealed settlement agreement.

   (e) understands that Special Guardian Peggy Saunders will control a portion of the settlement proceeds in order to fulfill her role as described in the sealed settlement agreement.

(f) understands that, in the event his minor ward requires access to the funds held pursuant to the settlement agreement before attaining the triggering ages, he will be required to appear before the Burke County, North Carolina, Clerk of Court and qualify as a "General Guardian," as that term is defined by N.C. Gen. Stat. § 35A-1202(7). Following such qualification, Chapter 35A of the North Carolina General Statutes will control whether, and to what extent, he will be permitted to withdraw any funds held pursuant to the settlement agreement for the well-being of her minor ward.

(g) understands that the monies paid pursuant to the settlement agreement for the benefit of his minor ward belong to said ward and not to him, and that he may not use any such monies for the typical parental expenditures such as for food, clothing, shelter, healthcare, or other maintenance costs associated with raising children.

## **CONCLUSIONS OF LAW**

**WHEREFORE,** based upon the foregoing findings of fact, the Court concludes as a matter of law that minors, because they are legally incompetent to transact business or give consent for most purposes, need responsible, accountable adults to handle property or benefits to which they are or become entitled. N.C. Gen. Stat. § 35A-1201(a)(6). M.B., as the proposed substitute guardian *ad litem* for minor L.B., in all respects, is

competent and able to understand the ramifications of the settlement agreement, as well as the effect it would have upon the minor ward, and is competent and able to execute the duties in accordance with the approved settlement agreement and the orders of this Court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The total settlement sum for the benefit of minor ward L.B.[2] shall be paid and disbursed as set forth in Sealed Document 111 of the Court's Docket.

2. M.B. is hereby substituted as guardian *ad litem* of the minor child L.B. in this matter to fulfill all obligations as more fully set forth in the settlement agreement filed herein.

3. That portion of the Court's prior Order [Doc. 112] appointing A.B. as guardian *ad litem* of the minor child L.B. in this matter shall be of no further force and effect and A.B. shall have no authority to act on behalf of the minor child L.B. henceforth with relation to this action.

**IT IS SO ORDERED.**  Signed: December 23, 2015

Martin Reidinger
United States District Judge

---

[2] As that person is identified in the Sealed Addendum to this Order filed contemporaneously herewith.