# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| P.B. as Lawful Guardian *Ad Litem* of Minor Child, Jane Doe, <br><br> Plaintiff, <br><br> vs. <br><br> BURKE COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION, LINDA BRADSHAW, JOHN ROES 1-10, and MICHAEL ANDREW ALEXANDER, <br><br> Defendants. | CIVIL CASE NO. 1:12-cv-00334-MR-DLH |
| A.B. as Lawful Guardian *Ad Litem* of Minor Child, L.B., <br><br> Plaintiff, <br><br> vs. <br><br> BURKE COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION, LINDA BRADSHAW, JOHN ROES 1-10, and MICHAEL ANDREW ALEXANDER, <br><br> Defendants. | CIVIL CASE NO. 1:13-cv-00009-MR-DLH |

**THIS MATTER** is before the Court on the Motion to File Under Seal [Doc. 126] filed by Special Guardian Ad Litem Peggy Saunders ("GAL Saunders").

GAL Saunders seeks leave to file under seal a Rule 60(b)(6) Motion for Relief from Order Approving Settlement for the Benefit of Minors ("Motion for Relief"). For grounds, GAL Saunders states that this motion provides personal and sensitive information regarding the minor Plaintiffs as well as terms of the parties' settlement agreements, the details of which the Plaintiffs have agreed to keep confidential. The Defendants consent to the Plaintiffs' motion to seal. [Doc. 126]. Pursuant to Local Civil Rule 6.1(d), GAL Saunders filed the Motion for Relief under seal provisionally pending the disposition of this motion to seal. [See Doc. 127].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 255-56 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly

2

tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiffs' motion. The Plaintiffs filed their motion on April 22, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiffs have demonstrated that the Motion for Relief contains personal information regarding the minor Plaintiffs, as well as terms of the parties' confidential settlement agreements, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of this motion is narrowly tailored to serve the

interest of protecting both the Plaintiffs' privacy and the confidentiality of the parties' settlement agreements.

**IT IS, THEREFORE, ORDERED** that the Motion to File Under Seal [Doc. 126] filed by Special Guardian Ad Litem Peggy Saunders is **GRANTED**, and the Motion for Relief from Order Approving Minor Settlements [Doc. 127] shall remain under seal until further Order of this Court.

The Clerk of Court is respectfully directed to correct the docket such that it reflects that the Motion for Relief [Doc. 127] is a pending motion.

**IT IS SO ORDERED.**

Signed: May 4, 2021

Martin Reidinger
Chief United States District Judge